**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4693

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD VIZCARRONDO, JR., a/k/a Lil Rich, a/k/a Rich,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Roderick Charles Young, District Judge.  (2:21-cr-00027-RCY-LRL-5)

Submitted:  May 30, 2024                          Decided:  August 15, 2024

Before RUSHING and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Elizabeth L. Van Pelt, LIBBEY VAN PELT LAW, PLLC, Arlington, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Vizcarrondo, Jr., appeals his conviction following his guilty plea to possession with intent to distribute cocaine, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(A).  In his opening brief, Vizcarrondo argues that his guilty plea is involuntary because of government misconduct.  He has also moved to remand the case to the district court for an evidentiary hearing to establish the scope of that misconduct.  We deny the motion to remand and affirm the criminal judgment.

"To set aside a plea as involuntary" based on government misconduct, a defendant "must show that (1) some egregiously impermissible conduct (say, threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea and (2) the misconduct influenced his decision to plead guilty or, put another way, that it was material to that choice."  *United States v. Paylor*, 88 F.4th 553, 561 (4th Cir. 2023) (cleaned up).  A defendant can satisfy the first prong by showing "gross police misconduct [that] goes to the heart of the prosecution's case," *United States v. Fisher*, 711 F.3d 460, 466 (4th Cir. 2013), or that "strikes at the integrity of the prosecution as a whole," *id.* (internal quotation marks omitted).  As for the second prong of the test, "a defendant must show that a reasonable defendant standing in his shoes likely would have altered his decision to plead guilty, had he known about the misconduct." *Paylor*, 88 F.4th at 561 (cleaned up).

Vizcarrondo argues that a police officer lied in a search warrant affidavit and that the Government failed to disclose the misrepresentation.  Even if we credited Vizcarrondo's claim that the police officer lied in the affidavit, he still fails to establish that

2

the officer's misconduct would have materially affected his decision to plead guilty. And his actions bear this out: Even after the prosecution told him about the officer's misconduct and subsequent resignation, Vizcarrondo chose not to change his guilty plea. Consequently, he has failed to show that the police officer's alleged lie meaningfully influenced his decision to plead guilty.

Accordingly, we deny Vizcarrondo's motion to remand and affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*